1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN ANDREW                        No.  1:20cv00338 HBK (SS)
     DEGRAFFENREID,
12
                  Plaintiff,
13                                          ORDER   REVERSING   COMMISSIONER'S
          v.                                FINAL DECISION AND REMANDING BASED
14                                          ON    PARTIES'    STIPULATION   UNDER
     COMMISSIONER OF SOCIAL                  SENTENCE FOUR OF 42 U.S.C. § 405(g)
15   SECURITY,

16                Defendant.
                                            (Doc. No. 20)
17

18

19

20          Pending before the Court is the parties' Stipulation to Voluntary Remand pursuant to

21   Sentence Four of 42 U.S.C. § 405(g) and to entry of Judgment filed December 23, 2020.  (Doc. No.

22   20).  Plaintiff Jonathan Andrew Degraffenreid and the Commissioner of Social Security jointly

23   stipulate to a remand of this case for further administrative proceedings under sentence four of 42

24   U.S.C. § 405(g).

25          The United States Supreme Court held that the Social Security Act only permits remand in

26   conjunction with a judgment either affirming, reversing, or modifying the Secretary's decision. *See*

27   *Melkonyan v. Sullian*, 501 U.S. 89, 97-98 (1991) (addressing issue of attorney's fees under the

28   Equal Access to Justice Act and calculating deadline using date of final judgment).  In *Melkonyan*,

1

the Court recognized 42 U.S.C. § 405(g) contemplates only two types of remands: either a sentence four or a sentence six remand. *Id.* at 98. A sentence four remand authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without resetting the cause for a rehearing." *Id.* (other citations omitted). And when a sentence four remand does not include this language, it is unclear whether a sentence four or a sentence four is remand is at issue. *Id.* (noting because the "affirming, reversing, or modifying" language was absent from the district court order, the parties agreed, and the Supreme Court found, that the district court did not intend a sentence 4 remand). In contrast, in a remand under the sentence six of 42 U.S.C. § 405(g), "[t]he district court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because *new evidence* has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (emphasis added). Under a sentence six remand, the Secretary "must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Id.* A sentence six remand further requires the petitioner to demonstrate a showing of good cause as to why the evidence was not presented in the prior proceeding, *id.* at 99, or the parties may stipulate to good cause.

Here, the parties' stipulation and proposed order seeks to have the prior decision of the administrative law judge ("ALJ") vacated and the case remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See* Doc. No. 20 at 1. The parties further stipulate that the Appeals Council will instruct the ALJ "to re-evaluate the medical source opinions in accordance with 20 CFR § 416.927; reassess the claimants maximum residual functional capacity; and, if warranted by the expanded record, obtain supplemental vocational expert evidence to clarify the effect of the assessed limitations on the claimants ability to perform other work in the national economy." *Id*.

**Accordingly**:

1. Pursuant to the parties' Joint Stipulation (Doc. No. 20), the Commissioner of Social Security's final decision is reversed, and this case is remanded to the Commissioner of

Social Security for further proceedings consistent with the parties' Stipulation and this Order under sentence four, 42 U.S.C. § 405(g).

2.  The Clerk shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:    January 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE